## *Ex parte* Pearson.

### *Habeas Corpus.*

1. *The sentence of a court must be strictly obeyed by the officer charged with its execution.*—A prisoner convicted and sentenced by a court of competent jurisdiction to perform hard labor for the county during a specified term, can not be punished by a confinement in jail for such a period.

APPEAL from the Court of Probate of Coosa.

Tried before the Hon. JOHN S. BENTLEY.

On the 16th day of November, 1877, William Pearson made to the Hon. John S. Bentley, judge of probate of Coosa county, the following application for a writ of *habeas corpus*, viz.:

"Your petitioner, William Pearson, respectfully represents to your Honor, that at the fall term, 1877, of the Circuit Court of Coosa county, he was indicted and tried on an indictment for arson in the third degree." (Here follows a copy of the indictment, which is in the form prescribed by the Code.)

"Your petitioner further represents, that upon the said trial he was, by the verdict of the jury, found guilty of the offence charged in the said indictment, and thereupon the following sentence was pronounced, and the same was entered up, and is now the judgment of the court in said cause, viz.: 'The State, No. vs. 766, William Pearson. On this, the 20th day of October, 1877, it being the sixth day of the term, came the State, by its solicitor, and also came the defendant in person and by attorney, and for plea, says that he is not guilty. And thereupon came a jury of good and lawful men, to-wit: Thomas Mitchell and eleven others, who being duly

[Ex parte Pearson.]

empanelled and sworn,' say : ' We, the jury, find the defend-
ant guilty, as charged in the indictment.' It is therefore
considered by the court that the defendant be sentenced to
hard labor for the county for a term of twelve months ; also,
for an additional term until the costs of this suit are paid, at
the rate of twenty-five cents per day.'.

"Your petitioner further represents unto your Honor, that
at the time he was tried and convicted, the Hon. J. E. Cobb,
who was the presiding judge, informed the sheriff in open
court, as is usual in such cases, that the defendant, this peti-
tioner, was then in his custody. Whereupon, the sheriff com-
mitted petitioner to jail, and the petitioner has ever since
been, by the sheriff, confined in the jail of Coosa county, and
is now in confinement in said jail, under said order and sen-
tence, and has not been put to hard labor for the county, as
directed by said sentence and order.

"Your petitioner further represents, that the Commis-
missioners Court of Coosa county did, at the April term,
1875, of the said court, make the following order with refer-
ence to convicts sentenced to hard labor for the county, viz.:

"'Regular term, April 5th, 1875. It is ordered by the
court that the acting sheriff of this county be, and he is hereby,
appointed superintendent of public labor, and that all persons
sentenced to hard labor by any of the courts of this county,
shall be under his control; and it is further ordered, that said
sheriff be, and he is hereby, directed first, to hire such per-
sons out to any responsible persons who will secure fine and
costs aforesaid against persons sentenced to hard labor, by
the payment of the same in money, or by such security as
will secure the payment of the same punctually, and in the
event more than one person wants to hire one or more con-
victs, the hiring may be to the highest responsible bidder,
and any order of this court heretofore passed regulating hard
work be, and the same is hereby, revoked.'

"Your petitioner further states, from information, that
there is no other order or arrangement made by said Com-
missioners Court, than the order above recited, for the pur-
pose of hiring out at hard labor county convicts in this
county. Petitioner states, from information which he be-
lieves to be true, that he is illegally confined in the jail of
this county by the sheriff; that he is not held by the order
of any court by said sheriff, and his detention and confine-
ment in the jail of Coosa county is wholly without authority
of law ; that the sheriff, J. T. Thompson, upon demand made

upon him for cause or process upon which petition is held in confinement, stated that he had lately come into the office of sheriff of Coosa county, and since the conviction and sentence of the petitioner as aforesaid; that he found petitioner there, but had no writ, or process, or order for his detention, other than the outgoing sheriff informed him that he had been sentenced as stated in the order of the court mentioned in this case. Hence, petitioner states that there is no other cause for his confinement in said jail by said sheriff, than said sentence and judgment.

"Petitioner again states from information which he believes to be true, that he is illegally restrained by said J. T. Thompson, and that his confinement by said J. T. Thompson as sheriff of Coosa county is without authority of law. He, therefore, prays that a writ of *habeas corpus* issue by your honor, directed to J. T. Thompson, commanding him to produce the body of petitioner, together with the cause of his detention, on Wednesday, 28th day of November, 1877, at Rockford, and that upon the hearing, your honor will make an order discharging petitioner from the custody of said J. T. Thompson, and from further confinement in the county jail of Coosa county, under the order of the Circuit Court herein set out, and as in duty bound he will ever pray," &c.

The judge of probate granted the writ of *habeas corpus* as prayed for, and made it returnable before himself on the 28th day of November, 1877. Upon the hearing of the case it appeared that the solicitor had been duly notified of the application for the writ; and all the facts alleged in the petition were clearly proven.

The court, "after carefully hearing the evidence and duly considering the same, together with the argument as to the grounds for the discharge asked in this case, it is ordered and adjudged that the petition of the said William Pearson be dismissed, and that the said J. T. Thompson, as sheriff and jailer, has the legal custody of the said Pearson, and that he retain him in his custody until he or the Court of County Commissioners, or some one else authorized by said court, shall put the judgment and sentence of the Circuit Court into execution by putting the said Pearson to hard labor for the county. To which judgment and order the petitioner excepted."

No Counsel for the appellant.

[Ex parte Pearson.]

JOHN W. A. SANFORD, Attorney-General, for the State.

PER CURIAM.—A majority of the court (MANNING, J., dissenting) are of opinion, not without much hesitation and doubt, that the petitioner is entitled to discharge from further imprisonment. The judgment of the probate judge must be reversed and writs of *habeas corpus* and *certiorari* will accordingly issue, unless the judge of probate, on being properly informed of this opinion, shall make an order, relieving the petitioner from further imprisonment.